EDWIN A. LOMBARD, Judge.
liThe plaintiff, New Orleans Private Patrol Service, Inc. (NOPPS), appeals the trial court’s judgment granting the defendants’ motion to dismiss based on declina-tory exceptions of lack of subject matter jurisdiction and improper venue, as well as a dilatory exception of prematurity or peremptory exception of no cause of action which resulted in the trial court ordering the parties to arbitration. After review of the record in light of the applicable law and arguments of the parties, we affirm the ruling of the trial court.

Relevant Facts and Procedural History

On November 14, 2007, NOPPS and the defendants, Valiant Payroll Service, Inc., and Valiant Communication, Inc., entered into a Master Software License and Services Agreement, whereby the plaintiff purchased a payroll software system from the defendants. The plaintiff gave the defendants a down payment of $9,497.00 and advanced the defendants $1,260.00 for training. After the contract was signed and the payments made, the plaintiff realized that the defendants’ systems did not have the requirements that it needed to handle its payroll. The plaintiff alleges that it demanded return of the down payment and |2advance for training from the defendants. When the defendants refused, the plaintiff filed the present action seeking return of the monies paid to the *1086 defendants. The plaintiff alleges that there was no contract because there was error on the defendants’ part and no consent by the plaintiff.
The defendants responded by filing a “Motion and Order to Dismiss Based on Declinatory Exceptions of Lack of Subject Matter Jurisdiction or Improper Venue or Dilatory Exception of Prematurity or Peremptory Exception of No Cause of Action or Alternative Motion to Stay or Further Alternative Dilatory Exception of Vagueness” based upon the arbitration agreements in the Master Software License and Services agreement. The plaintiff opposed the motion, arguing that the arbitration agreements do not control because the Master Software License and Services Agreement was null and void due to error and lack of consent. After a hearing on May 11, 2010, the trial court rendered judgment on May 20, 2010, granting the motion to dismiss and ordering the matter to arbitration. This appeal follows.

Applicable Law

The determination as to whether to stay or to compel arbitration is a question of law. Billieson v. City of New Orleans, 2002-1993, p. 3 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 560. The threshold inquiry is whether the parties agreed to arbitrate their dispute, which is a twofold inquiry: (1) whether there is a valid arbitration agreement, and (2) whether the dispute in question falls within the scope of that agreement. Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 2003-1662, p. 9 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 388. The question of whether the parties have submitted a particular dispute to ^arbitration — arbitra-bility — is generally one for the court to decide. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002).
The Louisiana Arbitration Law is set forth in La.Rev.Stat. 9:4201 through 4217. Louisiana courts look to federal law in interpreting the Louisiana Arbitration Law because it is virtually identical to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq. Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc., 2001-1059, p. 3 (La.App. 4 Cir. 2/6/02), 812 So.2d 695, 698; Firmin v. Garber, 353 So.2d 975, 977 (La.1977). The Federal Arbitration Act establishes that as a matter of preemptive federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitra-bility. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The United States Supreme Court has made it clear that the substantive provisions of the FAA preempt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce. Id. The phrase “involving commerce” has been interpreted as the functional equivalent of “affecting commerce.” Allied-Bruce Teminix Cos., Inc. v. Dobson, 513 U.S. 265, 277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Furthermore, the Supreme Court has concluded that Congress intended to exercise its commerce powers to the fullest in legislating in favor of arbitration. .Id. Whether a claim is brought in state court or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary. Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).
[/‘Louisiana courts have also recognized the heavy weight of this presumption”, noting that as to issues of arbitrability, “even if some legitimate doubt could be hypothesized the Supreme Court requires *1087 resolution of the doubt in favor of arbitration.” Dufrene v. HBOS Mfg., 2003-2201, p. 4 (La.App. 4 Cir. 4/17/04), 872 So.2d 1206, 1210 (citation and internal quotation omitted).

Discussion

The plaintiff does not dispute that there are arbitration provisions in the signed agreements but, rather, contends that the agreements are null and void because there was error and lack of consent in the confection of the agreements, citing George Engine Co., Inc. v. Southern Shipbuilding, Corp., 350 So.2d 881 (La.1977) as authority for its argument that the trial court must first determine the validity of the agreement before it can order arbitration.
The defendants assert that arbitration is mandated because the license agreement and the services agreement include an arbitration provision. Notably, federal law supports this argument. The United States Supreme Court in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), interpreting statutory language (9 U.S.C. § 2)[1] similar to the Louisiana statute, held that a trial court is confined to an analysis of whether the arbitration provision standing alone is valid and enforceable. See also Preston v. Ferrer, 552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) and Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (reaffirming holding in Prima Paint that, as a matter of substantive federal law applicable also | fito the states, an arbitration clause is severable from the remainder of the contract, and unless the challenge is to the arbitration clause itself, the issue of the contract’s validity is decided by the arbitrator). Accordingly, under federal law, the main contract is a question for the arbitrator. This approach, called the “separability” doctrine, was rejected by the Louisiana Supreme Court in George Engine.
In George Engine, the Louisiana Supreme Court, in interpreting La.Rev.Stat. 9:4201 et seq.[2] held that trial courts retain jurisdiction to decide the validity of a contract allegedly induced by fraud before sending the matter to arbitration, explicitly rejecting the federal position. Specifically, in George Engine, the plaintiff argued that its consent to the agreement was vitiated through error, misrepresentation and coercion by the defendant at the time *1088 of the execution of the contract and therefore, there was no valid contract between the parties. The arbitration clause provided that “any controversy or claim arising out of or relating to the construction contracts, as amended by this Agreement, or any breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association (hereinafter referred to as AAA), except to the extent that the rules of the AAA are in conflict with this Agreement.” 350 So.2d at 882. The | fiCourt noted that the arbitration clause evidenced no intent to arbitrate the issue of error in the inducement of the agreement, and that the language of the clause was not broad enough to include arbitration of such issues. The Court found that the part of the construction contract which referenced the arbitration clause included a stipulation “that when such matters are submitted to arbitration” referred to the cause and extent of delays in delivery of the vessels and the assessment of liquidated damages. 350 So.2d at 884.
In determining that the plaintiffs claims were not subject to arbitration, the Court stated:
... It would be an absurdity to compel arbitration of the conditions in a contract which does not exist in its entirety in legal contemplation.
This Court’s jurisdiction cannot be displaced whenever a contract contains an arbitration clause. The arbitration law and arbitration clauses in contracts do not vest in arbitrators the historic jurisdiction of the courts to determine fraud or duress in the inception of a contract. It may be said that courts are far better qualified to decide issues of this kind. These are not questions of “construction law”, particularly applicable to the building of boats, nor is a question of fact involved that arbitrators are peculiarly well qualified to consider.
Nor does Section 4201 of the Arbitration Act compel arbitration of a question involving the validity ab initio of a contract containing an arbitration clause. While provisions for arbitration of controversies arising out of contracts are declared to be valid, irrevocable and enforceable, validity, irrevocability and enforceability are by the terms of Section 4201 made dependent upon “such grounds as exist at law or in equity for the revocation of any contract.” Stone v. Stone, 292 So.2d 686 (La.1974). By its very terms Section 4201 presupposes the existence of a valid contract as a basis for invoking arbitration.
George Engine, 350 So.2d at 884.
This Court, however, invoked the separability doctrine adopted by the federal courts to hold that the plaintiffs claims were subject to the arbitration clause in Saavedra v. Dealmaker Developments, LLC, 2008-1239 (La.App. 4 Cir. 3/18/09), 8 So.3d 758, writ denied, 2009-0875 (La.6/5/09), 9 So.3d 871. In that 17case, the agreement for the purchase of immovable property located in Texas executed by the parties contained an arbitration provision which covered “any and all claims, issues or disputes of any nature arising out of this contract in anyway, to include claims under tort law, contract law, statutory law, or common law.” 2008-1239, p. 7,- 8 So.3d at 872. The defendants contended that the arbitration provision at issue was broad and included the plaintiffs claims of fraud or misrepresentation. The plaintiff countered that his claims sounding in tort, including fraud in the inducement, intentional misrepresentation, and conversion, were outside the scope of the arbitration agreement, citing George Engine. This Court found, however, that the FAA applied because the purchase agreement entered into between Saavedra, a Louisiana resident, and Wallace, a Florida resident, to transfer property located in Texas af *1089 fected interstate commerce, thus agreeing with the defendants that because the arbitration clause was broad, the separability-doctrine adopted by the federal courts was applicable and therefore the plaintiffs claims were subject to the arbitration clause.
When, as in this case, the contract contains a broad arbitration provision and an allegation of invalidity of the contract due to fraud in the inducement is raised, the federal courts have invoked the separability doctrine. Larry E. Edmondson, Domke on Commercial Arbitration § 11:1 (3rd ed. 2008)(“Domke”). The separability doctrine, which the United States Supreme Court adopted in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), is based in on a legal fiction that the arbitration provision is an independent contract from the main contract in which it is contained. Domke, supra. Pursuant to this doctrine, the arbitration provision is treated as severable from the main agreement in which it appears, and “the issue of fraudulent inducement of the main contract, as well as other claims made by a party to a contract containing the broad arbitration agreement, go directly to arbitration, unless it is clearly shown that the parties intended to withhold such an issue from the arbitrator.” Domke, supra.
The Louisiana Supreme Court in George Engine, supra, rejected the separability doctrine. In so doing, the court expressly recognized that it was departing from the Prima Paint case in determining a state law issue. | ^Because this case is governed by the FAA, Mr. Saavedra’s reliance on the George Engine case is misplaced.
In two recent decisions, Preston v. Ferrer, [552] U.S. [346], 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) and Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), the United States Supreme Court clarified and reaffirmed its holding in Prima Paint. It is now well-settled that as a matter of substantive federal law applicable also to the states: (i) an arbitration clause is severable from the remainder of the contract, and (ii) unless the challenge is to the arbitration clause itself, the issue of the contract’s validity is decided by the arbitrator. Applying these principles to the instant case, which is governed by the FAA, we note that Mr. Saavedra’s fraud claim is directed to the purchase agreement as a whole; he is not attacking the arbitration provision itself. We thus find that Mr. Saavedra’s claims, including the claim of fraud in the inducement, must be arbitratéd.
Saavedra, pp. 8-9, 8 So.3d at 764-765.
In the present case, the arbitration provision in the Master Software License and Services Agreement provides in pertinent part:
Except as provided in Section 14.4 [which provides for injunctive relief], each party agrees that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Nassau County, New York or New York County, New York in accordance with the rules then in effect of the American Arbitration Agreement.
The parties also executed a service agreement which included a similar arbitration provision.
The laws of the State of New York govern the terms and conditions of this Agreement. Any controversy and/or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration to be held in *1090 Nassau County, New York or New York County, New York.
These provisions are much broader that the arbitration provision in George Engine and are more similar to the arbitration clause in Saavedra. Further, as in Saave-dra, the agreements executed by the parties affect interstate commerce. The agreements involve the purchase of software services by a Louisiana based corporation from a New York based corporation, which the plaintiff has acknowledged is not authorized to do business in Louisiana. Thus, the FAA is | applicable to the arbitration provisions. Under the FAA and the separability doctrine enunciated in Pri-ma Paint, the plaintiffs claims are subject to arbitration.

Conclusion

The judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., Concurs and Assigns Reasons.

. 9 U.S.C. § 2 provides:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

. La.Rev.Stat. 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
La. R.S. 9:4202 provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.