| CARVER THEATER, LLC, | * | NO. 2024-CA-0468 |
| CARVER THEATER PRODUCTIONS, LLC, AND THE JOINT VENTURE OF | * | COURT OF APPEAL |
| CARVER THEATER, LLC, CARVER THEATER PRODUCTIONS, LLC, AND WM ADVISORS ENTERPRISE, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| VERSUS | * | |
| | * * * * * * * | |
| KRISTEN L. MELANCON, WM ADVISORS ENTERPRISE, LLC, AND BY EQUITIES, LLC | | |

**LEDET, J., DISSENTING IN PART WITH REASONS**

I agree with the majority's decision to deny the motion to dismiss and to reach the merits of the appeal. But, I disagree with the majority's decision to affirm the trial court's judgment vacating the arbitration award. In affirming, the majority finds that this matter lacks a nexus to interstate commerce; thus, the Federal Arbitration Act ("FAA") and its severability doctrine are inapplicable. The majority further finds, applying Louisiana arbitration law, that the trial court's ruling vacating the arbitration award was correct. Contrary to the majority, I would find that: (i) the FAA governs; (ii) the severability doctrine applies; and (iii) no statutory ground for vacating an arbitration award is present here. Thus, I would reverse the trial court and reinstate the arbitration award.

**FAA Governs**

From the outset—in Appellants' memorandum in support of their first prematurity exception seeking to stay this matter pending arbitration—Appellants have contended that the FAA governs this matter. In support, Appellants have argued that the petition filed by Appellees—Carver Theater, LLC, and Carver Theater Productions, LLC (collectively "Theater")—alleges breaches of fiduciary duty arising from a joint venture composed of citizens of California, Nevada, and

Louisiana. For this reason, Appellants have contended that this matter necessarily involves or affects interstate commerce. In support, they have cited *Saavedra v. Dealmaker Devs., LLC*, 08-1239 (La. App. 4 Cir. 3/18/09), 83 So.3d 758.

In *Saavedra*, this Court has observed that "[t]he FAA has been construed as reflecting Congress' intent to exercise the commerce power to the fullest extent, and the phrase 'involving interstate commerce' in Section 2 of the FAA has been construed to mean 'affecting' interstate commerce." *Saavedra*, 08-1239, p. 5, 8 So.3d 758, 762. In *Saavedra*, this Court held that interstate commerce was affected by a contract between a Louisiana and a Florida resident involving the transfer of Texas immovable property.

The majority distinguishes *Saavedra* and concludes that "this case more closely reflects the lack of nexus [to interstate commerce] in *Hawney v. Unique Furniture Source, Inc*., 22-0268, p. 4 (La. App. 4 Cir. 11/2/22), 351 So.3d 806, 809. In *Hawney*, this Court observed that "all parties to the contract are Louisiana citizens/residents, and their transactions have no effect on interstate commerce." *Id.* Characterizing the Memorandum of Understanding ("MOU") as involving only Louisiana parties, the majority finds, as in *Hawney*, that the FAA does not apply here.

Contrary to the majority, I would find that unlike in *Hawney*, but like in *Saavedra*, this matter is not one involving only Louisiana residents. As Appellants point out, Theater invoked the MOU in suing defendants BY Equities, LLC ("BY") and Bob Yari ("Mr. Yari"). In its petition, Theater avers that Mr. Yari is a citizen of California. Although Theater avers in its petition that BY is a citizen of both California and Louisiana, Theater served BY through its agent for service of process in Nevada. Under *Saavedra*, a claim by a Louisiana resident to recover money from either a California or Nevada resident affects interstate commerce.

Thus, any agreement to arbitrate such a claim is governed by the FAA. *Saavedra*, 08-1239, p. 5, 8 So.3d at 762.

Further support for a finding that the FAA governs here is found in the MOU itself. The MOU's heading contains a Los Angeles, California address.[1] A contract between persons residing in different states affects interstate commerce and is governed by the FAA. *Id*. For these reasons, I would find the FAA governs.

**Severability Doctrine Applies**

The severability doctrine is premised on "a legal fiction that the arbitration provision is an independent contract from the main [container] contract in which it is contained." *Saavedra*, 08-1239, p. 8, 8 So.3d at 764; *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71, 130 S. Ct. 2772, 2778, 177 L. Ed. 2d 403 (2010) (observing that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract"). Under the severability doctrine, the arbitration provision is treated as severable from the main container contract; and "the issue of fraudulent inducement of the main [container] contract, as well as other claims made by a party to a contract containing the broad arbitration agreement, go directly to arbitration. . . ." *Saavedra*, 08-1239, pp. 8-9, 8 So.3d at 764 (internal citation and quotations omitted). Unless the challenge is to the arbitration clause itself, the arbitrators decide the issue of the container contract's validity. *Id*., p. 9, 8 So.3d at 764.

Recapping, under the severability doctrine, a party's challenge to another provision of the container contract, or to that contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate. Applied here, the severability doctrine dictates that the MOU's arbitration provision remains valid

_____

[1] Indeed, the majority acknowledges this point, observing that "[t]he only reference [in the MOU] to any other state appears in the MOU's letterhead, which contains a mere address for WMA in California."

even if the MOU as a whole is invalid. *See MOU Biochron, Inc. v. Blue Roots, LLC*, 26 Wash. App. 2d 527, 538, 529 P.3d 464, 471, *review denied*, 557 P.3d 253 (Wash. 2023) (observing that it was error for "[t]he trial court [to] conclude[] that to reach the arbitration clause, it first needed to determine if the MOU[—the container agreement—]was enforceable"). Agreeing with Appellants, I would find that the FAA and its severability doctrine apply here.

**No Statutory Ground for Vacating Arbitration Award Exists**

Both the FAA and the Louisiana Binding Arbitration Law (La. R.S. 9:4201 to 4217) (the "LBAL") contain an identically worded ground for vacating an arbitration award—"[w]here the award was procured by corruption, fraud, or undue means." La. R.S. 9:4210 (A); 9 U.S.C.A. §10(a)(1) (same). In its judgment, the trial court cites the LBAL's provision, La. R.S. 9:4210 (A), as its basis for vacating the award. The majority affirms this finding. I would reverse it.

Here, the fraud that Theater accuses Appellants of committing (and that the trial court found occurred) is taking inconsistent positions—representing to the trial court that the MOU and its arbitration agreement were valid while representing to the arbitrators that the MOU otherwise was invalid. Similarly, the majority faults Appellants for failing to argue before the trial court that the MOU's arbitration provision was severable from the container agreement—the MOU. The majority states that "[a]t no point in that proceeding did Appellants merely argue that the arbitration provision alone was severable and valid, even if the underlying MOU was invalid or ineffective."

But, as the majority recognizes, Appellants' primary argument on appeal is that the FAA's severability doctrine sanctioned its conduct. The gist of Appellants' argument is that they could not possibly have lied in asserting that the MOU's arbitration provision was enforceable but that the container contract—the MOU—was not. Simply put, Appellants contend that they could properly assert validity of

4

the MOU's arbitration provision while contesting validity of the MOU as a whole. According to Appellants, this is precisely the argument that the FAA's severability doctrine permits. I find this argument persuasive.

Appellants' positions are neither inconsistent, nor fraudulent. The substantive law established by the FAA, and adopted by this Court in the *Saavedra* case, allowed Appellants to take the position that the MOU's arbitration provision remained valid even if the remainder of the MOU was invalid or had terminated. Again, the severability doctrine sanctions taking these positions. In finding Appellants' reliance on the FAA's severability doctrine amounted to fraud or misrepresentation, the trial court legally erred. The legal error is failing to understand and apply the law on severability of an arbitration agreement from the contract containing it. The legal error directly led to the trial court's erroneous finding that the MOU's invalidity automatically invalidated the MOU's arbitration provision. Given this legal error, I would reverse the trial court's judgment and reinstate the arbitration award.

Accordingly, I respectfully dissent.