h KIRBY, Judge.
Plaintiffs appeal the dismissal of their lawsuits on the basis of forum non conve-niens, more than six years after the filing of said lawsuit.

STATEMENT OF THE CASE

The MW MARIKA, a bulk carrier measuring 919 feet in length loaded with 140,-000 tons of pelletized iron ore, sank in international waters on January 1, 1994 in a North Atlantic winter storm. The MAR-IKA, a vessel registered in Liberia, was on a voyage from Canada to the Dutch port of Ijmuniden. The MARIKA and all its Greek and Philippine seamen were lost. The vessel was built in Japan by defendant-appellee Mitsubishi Heavy Industries, Ltd.
The surviving families brought suit on October 13, 1994 in Civil District Court in Orleans Parish against the American Bureau of Shipping, the Salvage Association, Paul Francis Daniel and Mitsubishi Heavy Industries, Ltd.
From the filing of this lawsuit in 1994 to December 2000, the date on which it was dismissed on the grounds of forum non conveniens, numerous | ¡.interrogatories were propounded and answered, depositions were taken, and numerous motions were made. Especially noteworthy are motions made by the defendants that invoked the court’s authority and requested judicial relief.
On June 30, 1999, the Louisiana Legislature’s Act 536 which amended LSA-C.C.P. art. 123 became effective, permitting dismissal of maritime suits for forum non conveniens. On November 2, 2000, Mitsubishi filed a Motion to Dismiss for forum non conveniens. The matter came before the trial court on December 8, 2000. After hearing oral argument, the trial court granted the motion without reasons for judgment. Plaintiffs appeal this judgment.

*52
STATEMENT OF THE LAW

The standard of review in this case is whether the trial judge abused her discretion. The abuse of discretion standard of review is appropriate because La. C.C.P. art. 123, which treats forum, non conveniens, permits — it does not mandate — that a case be transferred if certain conditions are fulfilled. This gives the trial judge the discretion to grant the motion to transfer or not, and we review whether or not that discretion was abused. A.O. Smith Corp. v. American Alternative Insurance Corp., 2000-2485 (La.App. 4 Cir. 12/27/00), 778 So.2d 615, 619, writ denied, 2001-0275 (La.3/23/01), 787 So.2d 321; Piper Aircraft Company v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419, 436 (1981); Karim v. Finch Shipping Company Ltd., 265 F.3d 258, 2001 A.M.C. 2618 (5th Cir.9/5/01).
| ¡¡Plaintiff assigns several errors in the granting of defendants motion to dismiss for forum non conveniens, La. C.C.P. art. 123. They argue the motion to dismiss was untimely, it ignored the age of the case and the presence of a Louisiana defendant. They argue the defendant failed to establish that there was another adequate alternative forum. The defendants also make several other arguments, including a constitutional argument. We find the most compelling argument to be that the motion was untimely and the trial court ignored the age and status of the case.
Defendant, Mitsubishi, argues that La. C.C.P. art. 123 prescribes no time limit for bringing a dismissal for forum non conveniens. They also cite a Federal case from the Southern District of New York[1], arising out of this sinking, which has very little precedential value outside of that state.
While it is true Defendant filed a motion to dismiss for forum non conveniens in March of 1997, a few years before the Amendment to art. 123, we view this as highlighting the fact that with all the more reason defendant should have re-filed its motion to dismiss after the statute had been amended permitting such a dismissal.
The parties in a civil suit are charged with knowledge of the law. Succession of Moore v. Moore, 387 So.2d 1231 (La.App. 1 Cir.1980). The Amendment to La. C.C.P. art. 123, which allows for dismissal of admiralty cases via forum non conveniens, became effective on June 30, 1999. Nearly a year and a half after the 14Amendment, on November 2, 2000, the defendant, Mitsubishi, filed its motion to dismiss for forum non conveniens. Because the defendant is charged with knowledge of the law, the fact that Mitsubishi may have filed a motion to dismiss years before the Amendment is not very relevant. The appropriate time to file would have been immediately following the amendment. We find that in a case that is six years old, to delay for an additional sixteen (16) months before filing a motion to dismiss based upon an amendment in the law is so dilatory as to be unconscionable.
We find the plaintiffs also correctly noted that defendant had acquiesced in jurisdiction and venue. By filing pleadings and noticing depositions subsequent to the moment a motion to dismiss on the basis of forum non conveniens might have been filed, defendant waived any right to petition the court for such relief.
Waiver exists when there is: (1) an existing right, benefit or advantage; (2) knowledge of its existence and (3) actual intent to relinquish the right, which can be inferred from conduct. See, Salzstein v. *53 Bekins Van Lines, Inc., 993 F.2d 1187 (5th Cir.1993). Mitsubishi knew of its right in June of 1999 to seek dismissal, but filed pleadings and sought judicial relief from the tribunal it now seeks to escape.
We find that the defendants waived their right to argue forum non conveniens and/or are estopped from doing so when they invoked the authority of the trial court five times after the time the Amendment to La. C.C.P. art. 123 became effective. The last of these acts, the notices of deposition, were filed seven months after the effective date of the act.
| ^Specifically, Mitsubishi filed the following after the amendment: two motions for extension of time to answer interrogatories, the latter request was granted; a “notice of depositions” of plaintiffs; a memorandum in opposition to plaintiffs motion to quash, said deposition specifically invoking the authority of the trial court and requesting judicial relief; and finally, another “notice of depositions” of five witnesses.
Authority exists supporting the importance of a timely filing of a motion for forum non conveniens. The United States Court of Appeals for the Fifth Circuit stated:
We believe .... that the better rule would be that a defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and became known or reasonably knowable to the defendant. See, Wright, Miller & Cooper, Fed. Practice and Procedure: Jurisdiction § 3828, at 291 (2d Ed. 1986); Cf. Creamer v. Creamer, 482 A.2d 346, 352 (D.C.App.1984). In Re Air Crash Disaster at New Orleans, La., 821 F.2d 1147, 1987 A.M.C. 2735 (5th Cir.1987).
Further, “[Ujntimeliness .... should weigh heavily against the granting of the motion to dismiss for forum non conve-niens because a defendant’s dilatoriness promotes and allows the very incurrence of costs and inconveniences the doctrine is meant to relieve.” In Re Air Crash Disaster, supra, 821 F.2d at 1165.
The moving defendant must submit its motion in a timely manner."
In Re Air Crash Disaster, supra, 821 F.2d at 1165.
Here, defendants had almost five years to ascertain the facts and circumstances surrounding the motion to dismiss. We find this was more than 1 (¡sufficient time. Therefore, when the Amendment to La. C.C.P. art. 123 was enacted, defendant should have acted within a reasonable amount of time. We find the delay of sixteen months, tacked onto almost five years, is unreasonable.
It has long been the holding of this court that laches is the “neglect for unreasonable length of time to do what should have been done” Triangle Oil Co. v. City of New Orleans, La.App. 5 So.2d 558, 561, 562; See also Sherlock v. Ocean Salvage Corp., 2000-0886 (La.App. 4 Cir. 3/28/01), 785 So.2d 932; Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 1999-2241 (La.App. 1 Cir. 3/7/01), 798 So.2d 143; Landry v. Latter, 2000-0100 (La.App. 4 Cir. 12/29/00), 780 So.2d 450. We find the delay of sixteen months after five years of litigation to be so dilatorious as to make it an abuse of discretion to grant a motion to dismiss for forum non conveniens.
This case was filed and has been acted upon in Civil District Court since 1994. Whether it be by laches, waiver or estop-pel, we find that the trial court abused its discretion in dismissing this case on a Motion to Dismiss for forum non conveniens that was filed nearly a year and a half *54 after the Amendment to art. 123, and six years after the start of this litigation.
For the aforementioned reasons, we reverse and remand for proceedings in accord with this opinion.
REVERSED AND REMANDED.

. Ioannides v. Marika Maritime Corp., 928 F.Supp. 374 (S.D.N.Y.1996).