I MOAN BERNARD ARMSTRONG, Judge.
This is an appeal from a judgment of the trial court dismissing an action under forum non conveniens. Because we find that the trial court’s judgment does not constitute an abuse of discretion, we will affirm.
The plaintiff, Leonard Roley, worked aboard ships of a federal government “reserve fleet” in Mobile, Alabama. While working aboard those ships, he allegedly was exposed to asbestos which allegedly eventually caused him injury. The plaintiff filed suit in Louisiana. The defendants moved for dismissal of the case on grounds of forum non conveniens, pursuant to Article 123(B) of the Code of Civil Procedure, on the ground that Alabama is a much more appropriate forum than Louisiana. The trial court granted the motion to dismiss. The trial court conditioned the dismissal upon the defendants’ agreement that the date of the filing of the plaintiffs action in Louisiana would be considered the filing date for [.¡purposes of prescription/ statute of limitations when the plaintiff re-files his action in Alabama. The plaintiff appeals.
Article 123(B) of the Code of Civil Procedure states:
Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and in the interest of justice, the court may dismiss the suit without prejudice.
The trial court’s decision to dismiss for forum non conveniens will not be reversed absent an abuse of discretion. Cantuba v. American Bureau of Shipping, 2001-1139 (La.App. 4 Cir. 02/13/02), 811 So.2d 50, writ denied, 2002-0743, 2002-0776 (La.05/10/02), 815 So.2d 846, 848.
The plaintiff (now deceased) lived in Alabama his entire life. He never lived, worked or spent time in Louisiana. All of his alleged exposure to asbestos allegedly occurred in Alabama. His medical treatment occurred in Alabama and in nearby Pensacola, Florida. The plaintiff sued thirteen defendants of which only a single one is domiciled in Louisiana. Some of the ships upon which the plaintiff worked in Mobile, Alabama originally were construct *686 ed in Louisiana but far more originally were constructed in California and in other states. Based upon all of the foregoing, it is reasonable to conclude that potential witnesses such as the plaintiffs co-workers and family members will be in Alabama and that the medical witnesses will be in Alabama and in nearby Pensacola, Florida. In contrast, there is likely to be little, if any, evidence to be had in Louisiana.
| ¡¡The plaintiff argues that the motion for dismissal for forum non conveniens was not brought timely and that the defendants delayed too long in bringing their motion. However, the record reflects that, considering the procedural history, the need to discover the facts relevant to the forum non conveniens issue, and the trial court’s special procedures for asbestos cases, the defendants did not unreasonably delay the filing of their forum non conveniens motion.
It is uncontested that all of the defendants are subject to suit in Alabama. The trial court has protected the plaintiff from the accrual of prescription during the time period between the dismissal in Louisiana and the re-filing of suit in Alabama. There is no reason that the case cannot be tried in Alabama. This case has very little connection to Louisiana and very substantial connection to Alabama. Based upon the considerations set out in Article 128(B), we cannot say that the trial court abused its discretion in dismissing the case (to be re-filed in Alabama) under forum non conveniens.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.