NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 13-3434
No. 13-3435
No. 13-3436

———————

MOTIVA ENTERPRISES LLC,


v.


SWISS RE INTERNATIONAL S.E., f/k/a SR International Business Insurance Company PLC; LIBERTY MUTUAL INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; CHARTIS PROPERTY CASUALTY COMPANY; ACE AMERICAN INSURANCE COMPANY; STARR  TECHNICAL RISKS AGENCY INC; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; ARCH INSURANCE COMPANY; LANCASHIRE INSURANCE COMPANY LIMITED; CATLIN LLOYDS  SYNDICATE NO. 2003 SJC; O'FARRELL LLOYDS SYNDICATE NO. 1036 COF; NAVIGATORS MANAGEMENT COMPANY INC; STELLAR INSURANCE LTD; NOBLE ASSURANCE COMPANY; CUNNINGHAM LINDSEY US INC; QBE MARINE & ENERGY SYNDICATE 1036

Swiss Re: International S.E. f/k/a SR International Business Insurance Company PLC, Liberty Mutual Insurance Company, Zurich American Insurance Company, Chartis Property Casualty Company, Ace American Insurance Company, Starr Technical Risks Agency Inc., General Security Indemnity Company of Arizona, Arch Insurance Company, Lancashire Insurance Company Limited, Catlin Lloyds Syndicate No. 2003 SJC, Navigators Management Company Inc., QBE Marine & Energy Syndicate 1036,

Appellants in 13-3434 and 13-3436



Cunningham Lindsey US Inc.,
Appellant in 13-3435

———————

On Appeal from the United States District Court
for the District of Delaware (No. 12-cv-1097 & No. 12-cv-1460)

District Judge: Hon. Leonard P. Stark

———————

1

Submitted Pursuant to Third Circuit LAR 34.1(a)

June 23, 2014

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.

(Filed: August 22, 2014)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Motiva Enterprises LLC twice sued its insurers in Delaware state court. In the first action, Motiva sought a declaration that its insurance policy covered a property damage claim; in the second, Motiva sought an injunction against arbitration proceedings. Motiva's insurers, the defendants in both cases, removed to federal court. Motiva moved the District Court to remand the cases, relying on forum-selection language contained in the parties' insurance policy. The District Court accepted Motiva's argument and granted the motion. Because the insurance policy selects Delaware's state courts as the exclusive forum for these disputes, we affirm.

## I. Background

After Motiva's property caught fire, it sued its insurers in Delaware Superior Court. Motiva sought a declaration that its insurance policy covered the damage. One of the insurers, Swiss Re, removed the action to federal district court. It asserted diversity and federal question jurisdiction. The insurers then commenced arbitration proceedings against Motiva, citing arbitration clauses of the policy. Motiva responded by filing an action in Delaware's Court of Chancery to enjoin the arbitration. The defendants removed that case to federal court, too.

2

Motiva moved the District Court for remand. It argued that the parties expressly agreed to litigate coverage disputes in Delaware state court and that the insurers waived their right to remove. Motiva pointed to language in the Schedule to the insurance policy that specified, "[i]n the event of a dispute between the Insured and Insurers," the terms of the policy would be subject to "the Law of Delaware" and "Jurisdiction of the State of Delaware, USA." App'x 61. Motiva also noted that parties "agree[d] to submit, except where the dispute relates to the amount to be paid under this Policy only, to the exclusive jurisdiction of the courts stated in the Schedule and to comply with all requirements to give such jurisdiction." App'x 80.

In response, the insurers emphasized that the policy elsewhere stated that "[n]othing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove an action to a United States District Court." *Id*. They also contended that the term "Jurisdiction of the State of Delaware," used in the policy Schedule, included federal courts situated in Delaware.

After analyzing the parties' arguments and the language of the contract, the District Court granted Motiva's motions. The insurers appealed.

## II. Jurisdiction

We have limited jurisdiction over remand orders. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case removed from state court, "the case shall be remanded." 28 U.S.C. § 1447(c). Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *See* 28 U.S.C. § 1447(d). When the remand order is not based on a defect in the removal procedure or a lack of subject matter jurisdiction,

3

however, § 1447(d) does not prohibit appellate review. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996).

The District Court's remand order rested on the parties' forum-selection clause, so § 1447(d) does not apply. *See Foster v. Chesapeake Ins. Co.*, 933 F.3d 1207, 1216 (3d Cir. 1991). Accordingly, we construe the remand order to effectively terminate the federal litigation and exercise jurisdiction pursuant to 28 U.S.C. § 1291.

## III. Discussion[1]

Parties may contractually waive their right to remove an action to federal court. *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 (3d Cir. 2011). The parties dispute whether, to be effective, the waiver must appear in the policy's plain and ordinary language, or whether the waiver must appear in clear and unambiguous language because the policy's arbitration clauses implicate the Federal Arbitration Act's more exacting removal-waiver rule. *Compare Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 289 (3d Cir. 2010) (applying "clear and unambiguous" standard) *with Merrill Lynch & Co.*, 640 F.3d at 548 (applying "plain and ordinary meaning" standard). We conclude that the policy unambiguously waives removal and, therefore, affirm without deciding which standard to apply.

We agree with the District Court's keen analysis of the contract. Although the policy language appears contradictory at first glance—selecting Delaware's courts as the forum in one clause, yet preserving removal in another—upon closer inspection it is coherent

---

[1] We exercise plenary review of these contractual and waiver issues. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 287 (3d Cir. 2010).

and complementary. As the District Court concluded, the policy contemplates three types of disputes:

> The three types of claims are: (1) disputes over an amount to be paid; (2) disputes over a failure to pay; and (3) any other disputes concerning the Policy, including coverage. The first category of disputes is the subject of the "Arbitration" section of the Policy, which channels such disputes first to mediation and, if unresolved, "shall then be referred to arbitration . . . [in] London, England. The second category is the subject of Section 13's "Disputes Clause" and specifically its subsection on "Service of Suit." This provision provides that "in the event of the failure of the Underwriters hereon to pay," the dispute may be brought to "a court of competent jurisdiction within the State of Delaware;" with respect to this category of disputes, the parties reserve their right to remove. Hence, the Policy's express right to remove is limited to disputes over a failure to pay. The third category deals with all other disputes concerning the Policy, including—as here—disputes over coverage. The handling of this third category of disputes is addressed in Section 13's "Disputes Clause;" this category of disputes is subject to "the exclusive jurisdiction of the courts stated in the Schedule," i.e., the Delaware state courts.

App'x 20 (citations omitted). Because this dispute concerns coverage, it must be presented to the Delaware state courts.

We reject the insurers' argument that the words "[n]othing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights . . . to remove" modify the forum-selection clause. App'x 80. As the District Court noted, "this Clause" refers to the Service of Suit section, not to the policy as a whole. App'x 19. Any other reading would ignore or contradict the arbitration and forum-selection clauses elsewhere in the policy. We also reject the insurers' argument that the term "Jurisdiction of the State of Delaware, USA," *see* App'x 61, can be construed to encompass the jurisdiction of federal courts located in Delaware. A stipulation to the exclusive jurisdiction of the courts

5

of a particular state does not simultaneously submit the parties to the distinct jurisdiction of the federal courts.

## IV. Conclusion

We affirm the District Court's remand order. This dispute concerns coverage. The parties selected the courts of the State of Delaware as the exclusive forum for their policy coverage disputes. Accordingly, the insurers waived their right to remove the Delaware actions to federal court.