MADELEINE M. LANDRIEU, Judge.
| ¶ This matter stems from a lawsuit filed in Civil District Court, Orleans Parish, by a nationwide trucking company, Star Transport, Inc. (“Star”), against Pilot Corporation and Pilot Travel Centers, LLC (collectively, “Pilot”), which owns a network of truck stops and supplies fuel to Star. In its lawsuit, Star alleges Pilot fraudulently breached an oral agreement to sell fuel to Star at certain discounted rates with certain rebates and wrongfully converted funds. In a judgment dated October 7, 2014, the trial court made three rulings pertinent here: (1) it denied Pilot’s motion to dismiss for forum non conve-niens; (2) it granted Star’s motion in li-mine to exclude evidence of a certain promissory note between the parties; and (3) it denied Pilot’s exception of prematurity and motion to stay proceedings pending arbitration.
Pilot timely filed both an appeal and an application for supervisory writs challenging these rulings. On January 20, 2015, a five-judge panel of this court, with two judges dissenting, denied Pilot’s writ application with written reasons.[1] Pilot sought *1197 review of our decision in the Louisiana Supreme Court. On April 14, 2015, this court issued an order continuing Pilot’s appeal indefinitely pending the | ^Louisiana Supreme Court’s decision on Pilot’s application for review of this court’s writ denial.[2] On April 24, 2015, the Supreme Court granted Pilot’s writ application and remanded the matter to this court for briefing, oral argument and opinion.[3] Counsel for both parties argued before this court on May 20, 2015. This opinion follows.
JURISDICTION
We have determined, and the parties agree, that the issues presented by this writ application are identical to those presented by Phot’s appeal. We therefore consolidate the appeal (No. 2014-CA-1393) with the writ application (No. 2014-CA-1228). We first address whether this court has appellate jurisdiction. The rulings made by the trial court — the denial of an exception of forum non conveniens, the granting of a motion in limine, and the denial of an exception of prematurity and/or motion to stay pending arbitration — are interlocutory rulings. Louisiana Code of Civil procedure article 1841 defines an interlocutory ruling as “[a] judgment that does not determine the merits but only preliminary matters in the course of the action.” Louisiana Code of Civil Procedure article 2083 provides: “An interlocutory judgment is appealable only when expressly provided by law.” The parties do not dispute that the first two rulings cited above are not appealable. Pilot argues, however, that this court has appellate jurisdiction over the trial court’s denial of the exception of prematurity and the motion to stay pending arbitration based upon a provision of the Federal Arbitration Act (“FAA”). See 9 U.S.C. § 16(a)(1)(A). We disagree. This court has previously held that it | slacked appellate jurisdiction to review the overruling of exceptions of prematurity and lack of subject matter jurisdiction that were based upon an arbitration provision. Saavedra v. Dealmaker Developments, LLC, 2008-1239, pp. 4-5 (La.App. 4 Cir. 3/18/09), 8 So.3d 758, 761-62. In that case, the appellants also argued that the same provision of the FAA, which permits an immediate appeal from an order refusing to stay a matter pending arbitration, preempted Louisiana’s procedural law that restricts the parties to seeking review by applying for supervisory review. Despite our concluding in Saavedra that the action was governed by the FAA, we held that Louisiana’s procedural rule applied. Accordingly, we dismissed the appeal, converted the action to an application for supervisory writs, and ruled on the merits. Id., p. 5, 8 So.3d at 762.
For the same reasons expressed in Saavedra, we dismiss Pilot’s appeal for lack of jurisdiction. There is no need to convert the appeal to a writ application because Pilot simultaneously filed both an appeal and an application for supervisory writs seeking review of the same judgment. In accordance with the Louisiana Supreme Court’s directive, we consider Pilot’s writ application pursuant to our supervisory jurisdiction.

Forum Non Conveniens

We review the trial court’s denial of Pilot’s motion to dismiss for forum non conveniens under an abuse of discretion *1198 standard. “The abuse of discretion standard of review is appropriate because La. C.C.P. art. 128, which treats forum non conveniens, permits — it does not mandate — that a case be transferred if certain conditions are fulfilled.” Cantuba v. American Bureau of Shipping, 2001-1139, p. |42 (La.App. 4 Cir. 2/13/02), 811 So.2d 50, 52. Significantly, according to the record before us, neither jurisdiction nor venue in Orleans Parish is disputed. On its motion, Pilot argued, and had the burden of proving, that either: (1) there is a more convenient forum in Louisiana to which the case should be transferred, or (2) there exists “a more appropriate forum outside of this state.” La. C.C.P. art. 123. “A plaintiffs choice of forum is entitled to great weight and should not be disturbed absent a showing that the convenience of all parties and the interests of justice require that the litigation should proceed elsewhere. The burden of such a showing is on the mover.” Nat'l Linen Serv. v. City of Monroe, 39,-199, p. 5 (La.App. 2 Cir. 12/15/04), 889 So.2d 1186, 1190 (citing Lamb v. Highlines Construction Co., 541 So.2d 269 (La.App. 4th Cir.1989)). On the record before us, we cannot say the trial court abused its discretion by denying Pilot’s motion to dismiss.
Exclusion of Promissory Note
Pilot claims the trial court erred by granting Star’s motion in limine to exclude from evidence the April 3, 2012 promissory note between the parties.
Star has been purchasing fuel from Pilot since at least 2005, as evidenced by a written purchase agreement executed in November, 2004. In its lawsuit filed on February 5, 2014, Star alleges that the parties entered into an oral agreement in January, 2009 (evidenced by a letter from Pilot’s vice-president) that Pilot would provide fuel using a particular, discounted price structure, which included monthly rebates to Star. The pricing and rebate schedules were reflected in various written documents. By April of 2012, Star had fallen behind on its payments to Pilot for fuel. To compromise this indebtedness, Star agreed to sign a promissory note in | flfavor of Pilot for approximately 14.3 million dollars, which was executed on April 3, 2012. This promissory note contains an extremely broad arbitration provision.
Approximately one year after the execution of the note, the results of an FBI investigation were publically revealed indicating that Pilot had been involved in a scheme to deceptively withhold diesel fuel rebates and discounts from its customers. Pilot admits in its brief that the federal government investigated fraudulent conduct in connection with Pilot’s diesel fuel sale discount programs. Pilot further admits that as a result of that investigation, Pilot entered into a criminal enforcement agreement wherein it acknowledged and accepted full responsibility for the misconduct. Within a year of finding out about the FBI investigation, Star filed the present suit alleging that Pilot committed fraud by overcharging for fuel and wrongfully withholding rebates on fuel purchases between 2005 and 2013.
Pilot responded to the suit by asserting that the entire matter belonged in arbitration on account of the arbitration provision contained in the 2012 promissory note. Although Pilot’s exception of prematurity and motion to stay were based upon that arbitration provision, Pilot did not at that time assert a reconventional demand based upon the promissory note.[4] Star then filed a motion in limine to exclude the promisso *1199 ry note from evidence, which the trial court granted.
As mentioned in our previous disposition of the writ, the record does not disclose the precise basis for the trial court’s granting of Star’s motion. The transcript suggests that the trial court’s ruling was based upon either (1) a factual finding by the trial court that the promissory note is unrelated to the fraud claims | (¡alleged by Star in the lawsuit, and therefore is not relevant; or (2) the trial court’s belief that the promissory note and/or the arbitration clause within it were null and void due to fraudulent procurement. The record farther discloses that the trial court did not hold an evidentiary hearing or take evidence on Star’s motion.
As stated in our prior disposition of the writ, this court rarely finds it appropriate to intervene in trial court rulings on motions in limine, which by their nature can be revisited at any point during the litigation. Nevertheless, in this case we find that the trial court abused its discretion by granting the motion to exclude the promissory note without at least having an evi-dentiary hearing on the matter. The arbitration clause contained in the promissory note is the basis for Pilot’s exception of prematurity and motion to stay. That alone makes the promissory note relevant. Moreover, to the extent that the trial court’s ruling was based upon a finding that Star was fraudulently induced to sign the note containing the arbitration provision, the trial court erred by making such a factual finding without holding an evi-dentiary hearing on this issue. For these reasons, we conclude that the trial court abused its discretion by granting the motion in limine to exclude the note from evidence, and we reverse that ruling.
Arbitration
The final issue we address is whether the trial court erred by denying Pilot’s exception of prematurity and motion to stay pending arbitration.
Pilot argues that the arbitration provision in the 2012 promissory note requires that this entire controversy be submitted to arbitration. The determination of whether to stay proceedings and/or to compel arbitration is a question of law. Saavedra, supra, p. 6, 8 So.3d at 762. Therefore, our standard of review is simply to determine whether the trial court was legally correct or incorrect. Id.
[TIt is undisputed that the arbitration provision in the promissory note is exceptionally broad, providing:
ANY CLAIM OR CONTROVERSY (“CLAIM”) BETWEEN THE PARTIES, WHETHER ARISING IN CONTRACT OR TORT OR BY STATUTE INCLUDING, BUT NOT LIMITED TO, CLAIMS RESULTING FROM OR RELATING TO THIS AGREEMENT SHALL, UPON THE REQUEST OF EITHER PARTY, BE RESOLVED BY BINDING ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT.... ANY DISPUTE CONCERNING WHETHER A CLAIM IS ARBITRABLE OR BARRED BY THE STATUTE OF LIMITATIONS SHALL BE DETERMINED BY THE ARBITRATOR.
In Saavedra, supra, this court stated:
It is now well-settled that as a matter of substantive federal law applicable also to the states: (i) an arbitration clause is severable from the remainder of the contract, and (ii) unless the challenge is to the arbitration clause itself, the issue of the contract’s validity is decided by the arbitrator. Ap *1200 plying these principles to the instant case, which is governed by the FAA, we note that Mr. Saavedra’s fraud claim is directed to the purchase agreement as a whole; he is not attacking the arbitration provision itself. We thus find that Mr. Saavedra’s claims, including the claim of fraud in the inducement, must be arbitrated.
2008-1239, pp. 9-10, 8 So.3d at 764-65.
Several years later, in Rain CII Carbon LLC v. ConocoPhillips Co., 2012-0203 (La.App. 4 Cir. 10/24/12), 105 So.3d 757, we considered a case where, as here, there were allegations of fraud in the inducement of both the contract in general and of the arbitration clause itself. In that case, we held that because the allegations of fraud were identical and those allegations were all contingent upon the outcome of the underlying action, they were so intertwined that it would be impossible for the court to try only the issue of whether the arbitration clause was 1 ¿fraudulently induced, without also deciding whether the underlying contract was fraudulently induced. Id., p. 10, 105 So.3d at 763. Under those circumstances, we declined to overrule the trial court’s granting of the exception of prematurity sending the entire matter to arbitration. Id., p. 11, 105 So.3d at 763.
Addressing the issue before us, we first note that the case at bar is factually distinguishable from Saavedra and Rain CII Carbon in that the “underlying contract”— that is — the agreement sued upon, does not contain the arbitration clause in question. Instead, the arbitration provision is contained in a promissory note that is completely separate from Pilot’s agreement to sell fuel to Star at particular discounted rates. Therefore, even if the trial court or the arbitrator found that Star was fraudulently induced to sign the promissory note, that finding would not necessarily have any bearing upon the claim alleged by Star in this lawsuit, which is that Pilot fraudulently billed Star at higher rates than it had promised and failed to provide the rebates it had promised.
Although the promissory note may be pled by Pilot as an offset against any amount Pilot may ultimately be held to owe Star in damages, the gravamen of this lawsuit at the time the issue joined was not the promissory note. The parties have not cited, nor have we found, a case addressing arbitration with facts similar to the instant case.
In light of this factual distinction, we consider whether the trial court erred by declining to send the matter to arbitration. Star argues here, as it did in the trial court, that its challenge is to the validity of the arbitration clause itself. Star asserts that Pilot knew about the impending criminal investigation of its prior conduct at the time the promissory note was signed. Star further argues that because of Pilot’s knowledge, the impetus for presenting the promissory note to Star was not so much 19to compromise or memorialize Star’s indebtedness as it was to obtain the very broad arbitration provision contained in the note, which could then be applied to future claims. Finally, Star contends that Pilot’s deliberate concealment of information about its own improper conduct and the FBI investigation into that conduct vitiates Star’s consent to the arbitration provision because of fraudulent inducement.
The record reflects that although the judge admitted into evidence the documents that were attached to the parties’ memoranda in support of and/or opposition to their exceptions and motions, the hear *1201 ing before the trial court was otherwise limited to the argument of counsel. In support of his argument attacking the validity of the arbitration clause, Star’s counsel recognized that the court could not properly make a determination as to the issue of fraudulent inducement without the introduction of further evidence, suggesting: “I think that the procedural device would be to either have a mini hearing or to refer it to the merits.” Without giving written or oral reasons, the trial court at the conclusion of the hearing overruled the exception of prematurity and denied the motion to stay, declining to compel arbitration. Therefore, the record before us does not disclose the basis for the trial court’s rulings.
In Saavedra, we noted that “[the] party pleading the exception of prematurity has the initial burden of showing the existence of a valid contract to arbitrate.” Id., p. 6, 8 So.3d at 762 (emphasis added). We further noted that the question of whether the parties have submitted a particular controversy to arbitration — arbitrability— is generally one for the court to decide. Id., p. 7, 8 So.3d at 763. Finally, we noted that even where the FAA applies, as here, the issue of the validity of the contract containing the arbitration provision is decided by the |10arbitrator unless the challenge is to the validity of the arbitration clause itself. Id., p. 9, 8 So.3d at 764.
In the case before us, Star raises a challenge as to the validity of the arbitration clause itself, claiming the provision itself was fraudulently procured. Unlike in Rain CII Carbon, we do not find that Star’s allegations of fraudulent inducement of the arbitration provision are so factually intertwined with its allegations of fraud in the agreement sued upon that the two issues cannot be decided separately. In fact, the arbitration provision is not even contained in the agreement sued upon, but in a separate promissory note signed years afterward. Nor would the trial court’s finding that the arbitration provision was fraudulently procured necessarily mean that the promissory note in which the clause is contained was fraudulently procured as well. That is, even if the court finds that Pilot concealed relevant information from Star in order to induce Star to sign a broad arbitration provision, it would not preclude a subsequent finding that Star actually owed Pilot the amount stated in the note.
Given these circumstances, we conclude that the trial court erred in denying the exception of prematurity without having first held an evidentiary hearing to determine whether there was fraud in the inducement of the arbitration clause. We therefore remand the matter to the trial court for an evidentiary hearing and a decision upon the issue of the validity of the arbitration provision.
DECREE
For the reasons stated, we:
(1) consolidate the appeal with the writ application;
(2) dismiss the appeal;
h(3) grant the writ application in part to reverse the trial court’s granting of the motion in limine excluding the promissory note from evidence;
(Jp) deny the writ application insofar as it addresses the trial court’s denial of the motion to dismiss for forum non conveniens, the overruling of the exception of prematurity, and the denial of the motion to stay pending arbitration and to compel arbitration; and
(5) remand the matter to the trial court for an evidentiary hearing.
*1202 LOVE, J., concurs in part and dissents in part.

. Star Transport, Inc. v. Pilot Corporation, et al, 2014-C-1228 (La.App. 4 Cir. 1/20/15), un- *1197 pub.

. Star Transport, Inc. v. Pilot Corporation, et al, 2014-CA-1393 (La.App. 4 Cir. 4/14/15), unpub.

. The Court also specifically directed that we discuss upon remand our prior opinion in Saavedra v. Dealmaker Developments, LLC, 2008-1239 (La.App. 4 Cir. 3/18/09), 8 So.3d 758. See Star Transport, Inc. v. Pilot Corp., 2015-0339 (La.4/24/15), 168 So.3d 407.

. The parties represent that Pilot filed such a reconventional demand after the trial court issued the judgment on review herein.