| FOOT LOCKER, INC., FOOT | * | NO. 2021-CA-0594 |
|---|---|---|
| LOCKER RETAIL, INC., FOOT | | |
| LOCKER SPECIALTY, INC. | * | |
| AND FOOT LOCKER STORES, | | COURT OF APPEAL |
| INC. | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| ZURICH AMERICAN | * * * * * * * | |
| INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01665, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Mitchell J. Hoffman
Michael R. Allweiss
Mark S. Stein
David M. Prados
LOWE STEIN HOFFMAN ALLWEISS & HAUVER, L.L.P.
701 Poydras Street, Suite 3600
New Orleans, LA 70139

John D. Shugrue (pro hac vice)
Noel C. Paul (pro hac vice)
REED SMITH, L.L.P.
10 South Wacker Drive, Suite 4000
Chicago, IL 60606

      COUNSEL FOR PLAINTIFFS/APPELLANTS

H. Alston Johnson, III
Virginia Y. Dodd
Heather S. Duplantis
Kevin W. Welsh
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802-5618

Allen C. Miller, Sr.
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**MAY 11, 2022**

This is an insurance coverage case. Plaintiffs/appellants, Foot Locker, Inc., Foot Locker Retail, Inc., Foot Locker Specialty, Inc., and Foot Locker Stores, Inc. (collectively "Foot Locker"), appeal the August 22, 2021 judgment of the district court, granting the motion to dismiss for *forum non conveniens* in favor of defendant/appellee, Zurich American Insurance Company ("Zurich") and dismissing Foot Locker's lawsuit without prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This litigation involves a business interruption insurance coverage dispute arising from the COVID-19 pandemic. On February 19, 2021, anticipating that Zurich would deny coverage for its business losses, Foot Locker filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge (the "19th JDC suit") against Zurich seeking a declaratory judgment and alleging breach of contract. Three days later, however, on February 22, 2021, Foot Locker filed a motion to dismiss the 19th JDC suit, and the order of dismissal was signed on

1

February 25, 2021. Meanwhile, on February 23, 2021, Foot Locker filed substantially the same petition against Zurich in the Civil District Court for the Parish of Orleans (the "District Court").

The petition alleges, in relevant part, the following:

> 8. Plaintiff Foot Locker, Inc. is a New York corporation with its corporate headquarters and principal place of business in New York.
>
> 9. Plaintiff Foot Locker Retail, Inc. is a New York corporation with its corporate headquarters and principal place of business in New York.
>
> 10. Plaintiff Foot Locker Specialty, Inc. is a New York corporation with its corporate headquarters and principal place of business in New York.
>
> 11. Plaintiff Foot Locker Stores, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in New York.
>
> 12. With a portfolio of brands including Foot Locker, Lady Foot Locker, Kids Foot Locker, Champs Sports, Eastbay, Footaction, and Sidestep, Foot Locker owns and operates approximately 3,000 retail stores in 28 countries across Europe, Asia, Australia, New Zealand and North America, including 49 stores in Louisiana and six (6) stores in Orleans Parish.
> …
> 15. At all relevant times, Defendant Zurich was and continues to be an insurance company organized and existing under the laws of the State of New York with its principal place of business located in Illinois. Zurich sells policies of insurance, including property and business interruption insurance policies.
>
> 16. At all relevant times Zurich was, and presently is, duly authorized to transact the business of insurance in Louisiana and is in fact transacting the business of insurance in Louisiana.
> …
> 20. To protect against physical loss of or damage to property, imminent threats of such physical loss of or damage to property, and interruptions to Foot Locker's

business due to these conditions, and to protect against business interruption resulting from orders by civil and military authorities and guidance and advice from public health authorities, as part of its All-Risk Coverage, Foot Locker purchased from Zurich a Zurich EDGE Global Policy, No. PPR5967627- 11, for the period of June 1, 2019 to June 1, 2020 (the "Global All-Risk Policy"). A true and correct copy of the Global All-Risk Policy is attached as Exhibit A.

21. Under the Global All-Risk Policy's Insuring Agreement, Zurich insures against "direct physical loss of or damage caused by a Covered Cause of Loss to Covered Property, at an Insured Location described in Section II-2.01, all subject to the terms, conditions and exclusions stated in this Policy." (*Id.*, §1.01, *Insuring Agreement*)

22. The Global All-Risk Policy defines a "Covered Cause of Loss" as "*[a]ll risks of direct physical loss of or damage from any cause unless excluded*". (Ex A, §7.11, *Definitions*) (emphasis added)

23. All of Foot Locker's stores and facilities addressed herein are located within the "territory" of coverage, which is "worldwide," and are Insured Locations, as defined in the Global All-Risk Policy. (*Id.*, §1.03, *Territory* and §2.01, *Insured Location*)

…

86. Since that time [the onset of the COVID-19 pandemic], numerous countries and locations around the globe, including countries and localities in North America, Europe and Asia Pacific where Foot Locker maintains operations and conducts business in retail stores, and countries and localities where Foot Locker's suppliers and customers and critical members of Foot Locker's supply chain maintain operations and conduct business, have issued orders and public health guidance and advices in response to the threat of SARS-CoV-2 and COVID-19.

…

96. Overall, Foot Locker has closed for extended periods of time approximately 2,180 stores in North America.

Foot Locker alleges that the Zurich policy is an all-risk policy, which does not exclude coverage for Foot Locker's pandemic-related business losses.

3

According to the petition, the Zurich policy contains an "Amendatory Endorsement – Louisiana" (the "Louisiana endorsement") with a contamination exclusion, which does not contain the language "virus" or "disease." Rather, the Louisiana endorsement defines "Contaminant(s)" as "Any solid, liquid, gaseous, thermal or other irritant, including but not limited to smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste (including materials to be recycled, reconditioned or reclaimed), other hazardous substances, **Fungus** or **Spores**." (Emphasis in original).

On April 1, 2021, Zurich filed a motion to dismiss for *forum non conveniens*, along with other exceptions. Thereafter, on April 16, 2021, Zurich filed a complaint for declaratory judgment in the Supreme Court of the State of New York, County of New York (the "New York suit"), alleging that:

> … [Foot Locker's] alleged losses are not covered because the SARS-CoV-2 virus, which causes the disease COVID-19, does not cause direct physical loss of or damage to property as required for coverage under the Zurich policies issued to Foot Locker and because the Zurich policies exclude coverage for all losses caused by a virus or disease causing or illness causing agent, like SARS-CoV-2.

In response to Zurich's New York suit, on June 4, 2021, Foot Locker filed in the District Court a petition for anti-suit injunction, seeking to enjoin the New York suit.

On July 9, 2021, the hearing on Zurich's exceptions and *forum non conveniens* motion, along with Foot Locker's injunction petition, went forward, where the District Court granted the motion to dismiss for *forum non conveniens*, subject to Zurich filing a waiver of prescription defenses, pursuant to La. C.C.P.

4

art. 123(C).[1,2] On August 22, 2021, the District Court entered judgment, granting

the *forum non conveniens* motion and dismissing Foot Locker's petition without

prejudice. This appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Foot Locker raised the following assignments of error:

1. The trial court erred as a matter of law and abused its discretion in granting Zurich's motion to dismiss for *forum non conveniens* because a contradictory hearing requires evidence to support the relief sought but no evidence was introduced by Zurich to support its motion.

2. Even considering the briefs and arguments of counsel, the trial court erred and abused its discretion in determining that Zurich met its burden of proof.

---

[1] The District Court did not reach the remaining exceptions or injunction petition in light of its ruling on the *forum non conveniens* motion.

[2] La. C.C.P. art. 123(C) states:

> In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription that has matured since the commencement of the action in Louisiana, provided that a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in a court of competent jurisdiction in an appropriate foreign forum within sixty days from the rendition of the judgment of dismissal. Such waiver shall be null and of no effect if such suit is not filed within this sixty-day period. The court may further condition the judgment of dismissal to allow for reinstatement of the same cause of action in the same forum in the event a suit on the same cause of action or on any cause of action arising out of the same transaction or occurrence is commenced in an appropriate foreign forum within sixty days after the rendition of the judgment of dismissal and such foreign forum is unable to assume jurisdiction over the parties or does not recognize such cause of action or any cause of action arising out of the same transaction or occurrence.

**DISCUSSION**

Foot Locker raises two main arguments on appeal. First, it argues that Zurich was required to, and did not, prove its motion with competent evidence. Second, it contends that, through a "Jurisdiction" provision in the policy, Zurich waived its ability to contest an inconvenient forum.

***Forum Non Conveniens***

We address the relevant standard of review. A district court's ruling on a motion to dismiss for *forum non conveniens* is reviewed for an abuse of discretion. *Star Transp., Inc. v. Pilot Corp.*, 14-1228, p. 3 (La. App. 4 Cir. 6/24/15), 171 So.3d 1195, 1197-98. "The abuse of discretion standard is appropriate because La. C.C.P. art. 123 confers a great amount of discretion on the trial court in determining if the conditions for *forum non conveniens* are fulfilled; and, subsequently, an appellate court reviews whether or not the trial court abused this discretion." *Minot Obo Minor Theod'Ior Minot v. Waffle House, Inc.*, 20-0444, p. 9 (La. App. 4 Cir. 10/2/20), --- So.3d ---, ---, 2020 WL 5868328, at *5 (citing *Martinez v. Marlow Trading, S.A.*, 04-0538, p. 4 (La. App. 4 Cir. 2/2/05), 894 So.2d 1222, 1225), *writ denied sub nom.*, *Minot v. Waffle House, Inc.*, 20-01277 (La. 1/12/21), 308 So.3d 714. "The plaintiff's initial choice of forum is entitled to deference," but a "plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting on him expense or trouble not necessary to his own right to pursue his remedy." *Holland v. Lincoln Gen. Hosp.*, 10-0038, pp. 6-7 (La. 10/19/10), 48 So.3d 1050, 1055 (citations omitted). Moreover, "[c]ourts give

less deference to a plaintiff's choice to sue outside his home forum." *Boudreaux v. Able Supply Co.*, 08-1350, p. 6 (La. App. 3 Cir. 10/7/09), 19 So.3d 1263, 1269; *see also Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007)).

The motion for dismissal for *forum non conveniens* is addressed in Article 123 of the Louisiana Code of Civil Procedure. Article 123(B) provides for dismissal without prejudice where it is shown that a more appropriate forum exists outside of Louisiana:

> Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice . . . .

La. C.C.P. art. 123(B). This Court recently discussed the relevant factors and burden of proof:

> The doctrine of *forum non conveniens* presupposes at least two forums where the defendant is amenable to process and simply furnishes criteria for choice between them. Thus, a defendant seeking dismissal, at the trial level, based upon *forum non conveniens* must first establish that an alternate forum [exists] that is both available and adequate. If the trial court concludes that an alternative forum exists, it then considers all of the relevant private interest factors, balancing those factors weighing in favor of dismissal with the deference given to the plaintiff's choice of forum. The relevant private interest factors include:

- The convenience of the parties and witnesses;
- The access to the sources of proof, as well as viewing of the premises if appropriate;
- The cost of obtaining attendance of witnesses; and
- The advantages and obstacles to a fair trial.

After considering the private interest factors, a court then considers the public interest factors to determine whether retention of jurisdiction would be unnecessarily burdensome to either the defendant or the court. The public interest factors include the following:

- The administrative difficulties flowing from court congestions;
- The local interest in having localized controversies decided at home;
- The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;
- The avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; and
- The unfairness of burdening citizens in an unrelated forum with jury duty.

*Minot*, 20-0444, pp. 9-10, --- So.3d at ---, 2020 WL 5868328, at *6 (citing

*Martinez*, 04-0538, pp. 6-7, 894 So.2d at 1226-27)(other citations omitted).

**Evidentiary Burden**

Foot Locker argues on appeal that the District Court applied an incorrect evidentiary standard and that Zurich failed to meet its burden of proof. Specifically, Foot Locker submits that Zurich was required to submit "clear and convincing" evidence at the hearing, demonstrating inconvenience to Zurich, and failed to do so. Notably, neither party introduced any evidence at the hearing. This Court recently rejected a similar argument, that the mover seeking dismissal in favor of a convenient forum was required, but failed, to meet a "clear and convincing" evidence standard. We stated:

> [Plaintiffs] rely on *Lamb v. Highlines Constr. Co.*, 541 So.2d 269, 271 (La. App. 4 Cir. 1989), which found the mover therein failed to make a "clear and convincing showing" that convenience of the parties demanded transfer to a different forum. *Lamb* contains no analysis of such a showing, and only one case has cited *Lamb* on this point. [footnote omitted] We find no merit in this argument, however, as the forums disputed in *Lamb* were adjoining parishes, and neither La. C.C.P. art. 123 nor recent jurisprudence applies or discusses a clear and convincing standard. Indeed, subsequent Louisiana cases have instead afforded trial courts wide discretion in ruling on convenient forum. *See, e.g., Minot, supra; Martinez, supra; Cantuba v. Am. Bureau of Shipping*, 01-1139-42, p. 2, (La. App. 4 Cir. 2/13/02), 811 So.2d 50, 52; *Brumley v. Akzona, Inc.*, 09-0861, p. 3 (La. App. 4 Cir. 1/13/10), 45 So.3d 1115, 1116-17. Also, La. C.C.P. art. 123 requires a "contradictory motion" – which Steadfast [mover] filed here – or "the court's own motion" and a "contradictory hearing." While, as [plaintiffs] suggest, **some** deference is afforded to its choice of forum, courts give less deference to a plaintiff's choice to sue outside his home forum. *Boudreaux*, 08-1350, p. 6, 19 So.3d at 1269; *Sinochem*, 549 U.S. 422 at 430, 127 S.Ct. at 1191, 167 L.Ed.2d 15.

*Signet Jewelers Ltd. v. Steadfast Ins. Co.*, 21-0288, pp. 7-8 (La. App. 4 Cir. 12/22/21), --- So.3d ---, ---, 2021 WL 6065490, at *4. (Emphasis in original).

Foot Locker also relies on the general proposition that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *See, e.g., Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Foot Locker cites to the Louisiana Fifth Circuit's decision in *Dunn v. United Specialty Ins. Co.*, unpub., 21-478 (La. App. 5 Cir. 9/27/21), 2021 WL 4430503, which vacated the transfer of a case between Louisiana parishes. Based on the specific circumstances reflected in the hearing transcript, the appellate court found that the

trial judge improperly considered a first-filed companion suit, filed in plaintiff's home parish, as a basis for transferring the second-filed lawsuit to that home parish for the purposes of judicial efficiency. That companion suit, however, was not introduced into evidence at the hearing. *Dunn*, thus, recognized that suit records from other courts must be introduced into the record as evidence, in order for the lower court to consider them.[3]

We do not find that the aforementioned decisions govern the issue before us. A party moving for *forum non conveniens* is not required to introduce evidence in every case. Rather, as we stated in *Signet*, *supra*, La. C.C.P. art 123 requires a "contradictory motion" or "the court's own motion" and a "contradictory hearing."[4] Where, as here, the petition's allegations underlying convenient forum are undisputed, the motion may be decided on the face of the petition.

---

[3] Foot Locker also cites *Ervin v. Williams*, unpub., 19-1683 (La. App. 1 Cir. 5/12/20), 2020 WL 2461750, wherein the First Circuit denied supervisory writs with respect to the denial of a motion to transfer for *forum non conveniens*. Judge Holdridge concurred on the basis that no evidence was introduced at the hearing. We recognize that the denial of a supervisory writ holds no precedential value, *see Lake Air Cap. II, LLC v. Perera*, 15-0037, p. 7 (La. App. 4 Cir. 5/13/15), 172 So.3d 84, 88, and the writ disposition lacks any discussion of the underlying facts of the case to guide this Court.

[4] We find no indication that the District Court's decision runs afoul of La. C.C.P. art. 963, entitled "*Ex parte* and contradictory motions; rule to show cause." The article states:

> If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order *ex parte* and without hearing the adverse party.

> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.

> The rule to show cause is a contradictory motion.

No *ex parte* relief was requested or granted. No dispute exists that the written motion and rule to show cause were served on Foot Locker and tried contradictorily.

The allegations pled in Foot Locker's petition demonstrate that an adequate and available forum exists in New York. The private interest factors support a finding that New York is a convenient and appropriate forum. As far as convenience for the parties, Foot Locker's corporate headquarters and principal place of business is in New York. Zurich is organized under the laws of the State of New York with its principal place of business located in Illinois. No party is domiciled in Orleans Parish. The petition does not identify any specific witnesses who will be called to testify, though Foot Locker's corporate representatives based in New York and Zurich's corporate representatives based in Illinois would likely testify. No Orleans Parish witnesses were identified by either party. Access to sources of proof is, at most, neutral considering the pervasive ability to conduct electronic discovery, though, again, the parties' principal corporate presence is in New York and Illinois. Nothing in the petition specifies where the Zurich policy was negotiated or executed, though the policy (as an exhibit to the petition)[5] shows Foot Locker's New York address. Of its approximately 3,000 stores in 28 countries, Foot Locker has only 6 retail stores in Orleans Parish and 49 total stores in Louisiana. Foot Locker's alleged losses took place throughout the world. From a travel standpoint, all witnesses would seemingly need to travel to Orleans Parish if trial takes place there. The record lacks any demonstration on any party's ability to receive a fair trial.

---

[5] *See* La. C.C.P. art 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof.").

The public interest factors, overall, support that New York is a convenient and appropriate forum. While the disputed closures among Foot Locker's stores took place internationally, Foot Locker's principal place of business is in New York, which favors a local interest in having localized controversies decided at home, especially as only 6 of Foot Locker's 3,000 stores are located in Orleans Parish. Foot Locker contends that Louisiana courts have a significant interest in litigating the scope of the Louisiana endorsement. Even so, numerous endorsements specific to other states are a part of the policies at issue. The parties dispute which state's law will apply to this litigation, though little showing is made whether there is any conflict between the applicable laws of New York and Louisiana. Considering court administrative issues of congestion and jury duty in disputes in an unrelated forum, Foot Locker demanded a jury trial in Orleans Parish, where, again, only a small percentage of its stores are located; neither Foot Locker nor Zurich is domiciled in Orleans Parish or Louisiana.

As we noted, neither party introduced any evidence at the hearing to support or controvert the allegations in the petition. On the facts pled in the petition alone, considering the distance and totality of ties to New York, the District Court did not abuse its discretion in dismissing the suit based on the very minimal connection to Orleans Parish in a case with claims arising throughout the world. In sum, we find no merit in Foot Locker's arguments concerning Zurich's evidentiary burden.[6]

---

[6] Because of our conclusion, we do not reach Foot Locker's alternative argument considering the exhibits attached to the *forum non conveniens* motion and opposition, which were not introduced at the hearing.

**Jurisdiction Provision**

Foot Locker also contends that Zurich waived its convenient forum arguments through a forum selection clause in its policy. We disagree. The Foot Locker policy includes a "Jurisdiction" provision stating that: "Any disputes arising hereunder will be exclusively subject to the jurisdiction of a court of competent jurisdiction within the USA." No reported Louisiana cases discuss this language. At least one federal court rejected the argument that a nearly identical provision contractually waived removal. *See Billings Clinic v. Am. Guarantee & Liab. Ins. Co.*, No. CV 21-32-BLG-SPW-TJC (D. Mont. Feb. 8, 2022), 2022 WL 370120, at *4 ("The clause does not designate a specific court to try the matter, whether federal or state, it does not cede authority to either party to file a lawsuit, nor does it constrain [the insurer] to abide by the rules and decision of any identified tribunal.").

Foot Locker, however, relies on cases concerning arbitration and forum selection clauses with terms materially different from the "Jurisdiction" provision, which we find inapplicable to this matter.[7] We find no support in the provision itself, or in the jurisprudence, for Foot Locker's contention that Zurich waived its

---

[7] *See Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448 (5th Cir. 2009) (clause providing for "exclusive" venue in "the Courts of Dallas County, Texas" waived removal); *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 289-90 (3d Cir. 2010), as amended (Dec. 7, 2010) (explaining and distinguishing holding in *Ensco*, *supra*, where clause set forth right to remove); *Motiva Enterprises LLC v. SR Int'l Bus. Ins. Co. PLC*, No. C.A. 12-1097, No. C.A. 12-1460 (D. Del. July 12, 2013), 2013 WL 3571538, at *3, 5 (clause providing for "exclusive jurisdiction" of courts of "the State of Delaware, USA" waived removal for disputes over coverage), *aff'd sub nom. Motiva Enterprises LLC v. Swiss Re Int'l S.E.*, 577 F. App'x 136 (3d Cir. 2014); *Mosaic Underwriting Serv., Inc. v. Moncla Marine Operations, L.L.C.*, 926 F. Supp. 2d 865, 871 (E.D. La. 2013) (enforcing arbitration clause); *Lexington Ins. Co. v. Lion Oil Co.*, No. 3:13-CV-1054 (M.D. Tenn. Jan. 16, 2014), 2014 WL 202371, at *2, 8 (exercising federal court's discretion to stay case; motion to transfer denied as moot).

right to seek dismissal in favor of a convenient forum. We find this argument without merit. Thus, finding no abuse of the District Court's wide discretion, we affirm its judgment.

## CONCLUSION

Accordingly, for the reasons set forth herein, we affirm the judgment of the District Court.

**AFFIRMED**